IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANIS L. WALKINGSTICK,

                Plaintiff,

vs.                                       Case No. 06-2503-JWL-DJW

DIRK KEMPTHORNE,
Secretary of the Department
of the Interior,

                Defendant.

## STIPULATED PROTECTIVE ORDER

The parties inform the court that they anticipate that plaintiff will seek information about current and former employees of the United States Department of the Interior, the disclosure of which, without a court order, would otherwise be prohibited by the provisions of the Privacy Act of 1974, as amended, 5 U.S.C. § 552a, and that the plaintiff may need to disclose such information to non-parties. The parties further inform the court that they anticipate that defendant will seek information concerning plaintiff's health and may need to disclose such information to non-parties, which, without a court order, would otherwise be prohibited by the provisions of the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its implementing regulations, 45 C. F. R. §§ 164.102 - 164.534. The parties inform the court that they agree and stipulate that a Protective Order is necessary in order to protect the privacy of the plaintiff as well as current and former employees of the United States Department of the Interior against unreasonable and unprotected disclosure of information pertaining to them and to permit the parties to disclose and to receive such information without violating the law.

The Court finds that the parties have shown good cause for the entry of this Protective Order. The Court hereby finds and orders pursuant to 5 U.S.C. § 552a(b)(11), 45 C. F. R. § 164.512(e)(1), and Rule 26(c) of the Federal Rules of Civil Procedure, that disclosure and discovery of personal information about the plaintiff and about current and former employees of the United States Department of the Interior may be had subject to the following limitations:

1. The plaintiff may seek to discover information about other current and former employees of the defendant in an effort to prove her allegations of gender, age, and race discrimination, and/or her allegations of retaliation. Some of the information to be disclosed, or which may be sought by plaintiff may include the Official Personnel Files (OPF) of current or former employees of the defendant, or portions of such files; these documents are contained within a system of records and the defendant asserts that these files and documents are protected by the Privacy Act of 1974, as amended, 5 U.S.C. § 552a. Pursuant to agreement of the parties, the defendant shall disclose and/or produce the relevant information contained in the Official Personnel Files of current and former employees of the United States Department of the Interior, if the files are formally requested by the plaintiff or if they are required to be disclosed under Rule 26(a)(1). Prior to production, the defendant shall be allowed to redact from the documents produced from defendant's current and former employees' OPFs certain non-relevant personal information about the employees, including the employees' social security numbers, dates of birth, names of spouses and children, home addresses, and home telephone numbers. Furthermore, the defendant shall not be required to produce the following types of documents contained in a current or former United States Department of the Interior employee's OPF without a showing by plaintiff of the relevance of such documents: (1) Health Care, Life Insurance, or TSP (Thrift Savings Plan) Benefit Election

Forms; (2) Designation of Beneficiary Forms; (3) Application for Employment with the United States Postal Service; (4) Employee's Withholding Allowance Certificates (IRS Form W-4).

    2.    The defendant may seek to discover private protected health information about the plaintiff in an effort to defend against plaintiff's claim for damages, and may need to disclose such information to non-parties for this purpose. The plaintiff asserts that such information is protected by the Health Insurance Portability and Accountability Act. Pursuant to agreement by the parties, plaintiff's health information shall be produced to the defendant if the defendant makes a formal request for such information, or if such information is required to be disclosed under Rule 26(a)(1), and defendant may disclose plaintiff's private protected health information to non-parties for the sole purpose of defending against plaintiff's claim for damages.

    3. The parties and their attorneys shall not disclose any of the files or documents protected by this Protective Order or any information contained in them to any other person unless the disclosure is reasonably and in good faith calculated to aid in the preparation or in the prosecution or defense of this case. The parties and their attorneys shall, prior to such disclosure, present any person to whom disclosure is made with a copy of this Protective Order, and shall have them execute and sign the agreement which is attached to this Protective Order.

    4. The sole purposes for which any files and documents pertaining to the plaintiff's private protected health information or the official personnel files of the current and former employees of the defendant shall be used by the parties and their attorneys for only preparation, prosecution, or defense of this litigation.

    5. Upon conclusion of this action, including appeals, all copies of files and documents which have been produced to the parties and/or their attorneys pursuant to this Protective Order, as well

as all notes, memoranda, summaries, or other documents containing information from the disclosed documents which were made by the parties shall be returned by the respective parties and/or their attorneys to opposing counsel, or shall be destroyed by the parties and/or their attorneys within a reasonable period, not to exceed 90 days after the last appeal is final.  If the parties or their attorneys chose to destroy such files and/or documents, the parties and/or their attorneys, shall certify in writing to opposing counsel that all such files and/or documents have been destroyed, the method of destruction, and who destroyed them.

6. Nothing in this Protective Order constitutes any decision by the Court concerning the application of the Privacy Act or of the Health Insurance Portability and Accountability Act concerning discovery disputes, or concerning the admission into evidence of any specific document, nor does anything in this Protective Order constitute any decision concerning liability for payment of any costs or production or reproduction of documents, nor does this Protective Order constitute a waiver by the parties of any right to object to discovery or admission into evidence of any document or record subject to this Protective Order.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 25th day of April, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:    All counsel and *pro se* parties

Submitted jointly by:


s/Peter J. Paukstelis
PETER J. PAUKSTELIS
403 Poyntz Avenue, Suite A
Manhattan, Kansas 66502
Telephone: (785) 323-8000
Facsimile:  (785) 323-8001
E-mail: peter@paukstelis.com
Kansas S. Ct. # 17482

Attorney for Plaintiff



ERIC F. MELGREN
United States Attorney

s/Christina L. Medeiros
CHRISTINA L. MEDEIROS
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Ks. S. Ct. No. 12884
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail:  Chris.Medeiros@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANIS L. WALKINGSTICK,

      Plaintiff,

vs.                                                                 Case No. 06-2503-JWL-DJW

DIRK KEMPTHORNE, in his capacity
as Secretary of the Department of the Interior,

      Defendant.

## **AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

I _____, hereby acknowledge that I have read and understood the terms of the Stipulated Protective Order that was entered on _____, \_\_\_\_, 2007, by the United States District Court for the District of Kansas in the above-captioned case. By affixing my signature below, I agree to be bound by the terms of the Stipulated Protective Order, and I agree that I shall not disclose, either orally or in writing, the protected information disclosed to me by the parties and/or their attorneys to any other third party without the express written consent of the party and/or their attorney about whom the protected information has been disclosed.

I further agree not to make or retain copies of the protected information disclosed to me by the parties and/or their attorneys, and upon written notification by the attorneys for the parties that the case has been concluded, all copies of files and documents, as well as all notes, memorandum, summaries, or other documents containing protected information gleaned from the disclosed documents shall be returned to the party's attorney upon request within 30 days after the request is made.

_____
Signature

_____
Date

_____
Street Address

_____  _____  _____
City                            State  ZIP